G. F. BROWN AND HIS WIFE, ALICE BROWN, v. J. C. FEATHERSTONE
AND HIS WIFE, MAGGIE E. FEATHERSTONE.

(Filed 13 April, 1932.)

1. **Cancellation and Rescission of Instruments A b—Evidence in this case held incompetent on issue of value in consideration of deed.**

   In an action for the cancellation of certain deeds upon allegations that the execution of the deeds was procured by false and fraudulent representations as to the value of certain stock given by the grantee to the grantor in consideration of the deeds, evidence as to acts of the stockholders of the corporation relating to the sale of the corporate property are incompetent as evidence of the value of the stock at the time of the transfer when the meeting at which such action was taken by the stockholders was held many months after the transfer of the stock to the plaintiff.

2. **Appeal and Error J e — Exclusion of evidence, if error, held not prejudicial to appellant in view of answers to issues in this case.**

   Where the answers of the jury to the issues submitted renders the exclusion of certain evidence offered by the appellant immaterial or not prejudicial to him, the exclusion of such evidence, if error, does not entitle the appellant to a new trial.

3. **Cancellation and Rescission of Instruments A b—Grantor should investigate value of consideration where he has opportunity therefor.**

   Where, in an action for the cancellation of certain deeds on the ground that their execution was procured by false and fraudulent representations as to the value of stock given by the grantee to the grantor in consideration of the deeds, it appears that certain of the deeds were executed sometime after the execution of the first deeds, and that the stock in the same corporation was given in consideration in both transactions: *Held,* the grantor had ample opportunity between the dates of the transactions to investigate the value of the stock uninfluenced by the representations of the grantee, and the instructions of the trial court in accord with this principle will not be held for error.

4. **Cancellation and Rescission of Instruments B e—Where cancellation is decreed the judgment should put the parties in statu quo.**

   The object of a judgment rendered in favor of the plaintiff in an action for the cancellation of certain deeds for fraud is to put the parties *in statu quo,* and where the consideration for the deed is certain stock in a corporation and the grantor tenders the return of the stock to the grantee with the amount of the dividends thereon since the transfer, and there is no evidence that the value of the stock had been decreased by any act of the grantor since the transfer, the judgment should order the cancellation of the deeds and the return of the stock, and a judgment ordering the cancellation of the deeds and ordering the grantor to pay the grantee the value of the stock at the date of the transfer is erroneous.

APPEAL by plaintiffs from *Barnhill, J.,* at January Term, 1932, of
BLADEN. No error in the trial; judgment modified and affirmed.

This is an action for the cancellation of certain deeds executed by the plaintiffs, by which the plaintiffs conveyed to the defendants the lands described therein. The plaintiffs allege in their complaint that the execution of said deeds was procured by false and fraudulent representations, as alleged therein, made by the defendant, J. C. Featherstone, to the plaintiff, G. F. Brown. The allegations in the complaint with respect to the false and fraudulent representations were denied in the answer.

The consideration for the said deeds was the transfer by the defendant, J. C. Featherstone, to the plaintiff, G. F. Brown, of certain certificates for shares of stock of a corporation, which were owned by the said J. C. Featherstone.

There was evidence at the trial tending to show that the defendant, J. C. Featherstone, made the false and fraudulent representations with respect to the value of the shares of stock transferred by him to the plaintiff, G. F. Brown, as alleged in the complaint; there was evidence to the contrary. At the close of the evidence for the plaintiff, and again at the close of all the evidence, the plaintiffs, in open court, tendered to the defendants the certificates for the shares of stock transferred to the plaintiff, G. F. Brown, by the defendant, J. C. Featherstone, as the consideration for the deeds executed by the plaintiffs, together with the check for a dividend on said shares of stock, which plaintiff, G. F. Brown, had received, but which he had not collected. There was no evidence tending to show that the value of the shares of stock had been diminished since the transfer of the certificates therefor to the plaintiff, G. F. Brown, by reason of any act of said plaintiff.

The issues submitted to the jury without objection were answered as follows:

"1. Was the execution of the three deeds from the plaintiffs to the defendants, dated 10 February, 1930, recorded in Book 89, pages 160, 161 and 162, covering the 275 acres of land in Bladen County, procured by false and fraudulent representations as alleged? Answer: Yes.

2. What was the value of the 80 shares of stock transferred to the plaintiff on or about 10 February, 1930, for the said 275-acre tract of land, at the date of said transfer? Answer: $25.00 per share.

3. Was the execution of the deed from the plaintiffs to the defendants, dated 15 April, 1930, recorded in Book 89, page 222, for the Clarkton property, procured by false and fraudulent representations as alleged? Answer: No.

4. What was the value of the 40 shares of stock transferred by the defendant to the plaintiff, on or about 15 April, 1930, for the Clarkton property, at the date of said transfer? Answer: ........."

On the foregoing verdict, it was ordered, adjudged and decreed by the court "that the three deeds executed by G. F. Brown and wife, to J. C. Featherstone and wife, dated 10 February, 1930, recorded in Book 89, pages 160, 161 and 162 of the public records of Bladen County, be and they are hereby declared void and of no effect, and that the register of deeds of Bladen County be and he is hereby authorized to cancel the said deeds upon the record by reference to this judgment.

"It is further ordered, adjudged and decreed that the defendants have and recover of the plaintiffs, G. F. Brown and his wife, Alice Brown, the sum of $2,000, to be paid by the said G. F. Brown and wife within sixty days into the office of the clerk of the Superior Court of Bladen County, and that the said sum be and it is hereby declared a lien on the lands described in the deeds executed by the plaintiffs to the defendants on 10 February, 1930, and registered in the registry of Bladen County, in Book 89, pages 160, 161 and 162 and upon the failure of the plaintiffs to pay the said sum of money within the said period of sixty days, then and in that event, Walter H. Powell and H. H. Clark, who are hereby appointed commissioners for that purpose, shall sell the said lands at public auction, for cash, at the courthouse door in Elizabethtown, after posting notices of the time and place of sale at the courthouse door for thirty days immediately preceding the date of sale, and by publishing notice thereof once a week for four weeks immediately preceding the date of sale in some newspaper published in Bladen County, and out of the moneys arising from said sale, they shall pay the expenses of the same and the amount herein adjudged to be due to the defendants by the plaintiffs, and shall pay the surplus, if any, into court to be disbursed according to law.

"And the jury having answered the third issue 'No,' it is ordered and decreed that the defendants are the owners of the land described in the deed from G. F. Brown and wife to J. C. Featherstone and wife, dated 15 April, 1930, recorded in the registry of Bladen County, Book 89, page 222, and that the said deed dated 15 April, 1930, and recorded in Book 89, page 22, is hereby declared valid and in full effect and force.

It is further adjudged that the plaintiffs recover their costs to be taxed by the clerk."

From this judgment plaintiffs appealed to the Supreme Court, assigning errors in the trial, and in the judgment.

*H. H. Clark and Butler & Butler for plaintiffs.*
*A. E. Woltz, H. L. Lyon and Powell & Lewis for defendants.*

CONNOR, J. There was no error in the trial of this action. For this reason, the plaintiffs are not entitled to a new trial.

Defendants' objections to the introduction as evidence of letters received by the plaintiff, G. F. Brown, and written by officers of the corporation whose stock was transferred to said plaintiff by the defendant, J. C. Featherstone, of deeds executed by the corporation, conveying its property to another corporation, and of the minutes of a meeting of the stockholders of said corporation at which resolutions authorizing the board of directors to dispose of its property were adopted, were properly sustained by the trial judge. The stock was transferred to the plaintiffs on 10 February, and 15 April, 1930. The letters were written, the deeds executed, and the meeting of the stockholders held, many months after the dates of the transfers. The letters, deeds and resolutions were not competent as evidence tending to show the value of the stock at the dates of the transfers, but even if they were competent for that purpose, their exclusion was not prejudicial to plaintiffs. The contention of plaintiffs as to the value of the stock at the date of the transfer on or about 10 February, 1930, was sustained by the jury as appears from the answer to the second issue. Their contention as to the value of the stock transferred to the plaintiff, G. F. Brown, on or about 15 April, 1930, at the date of said transfer, became immaterial when the jury answered the third issue "No."

The instructions of the court to the jury as to the law applicable to the facts involved in the issues are in accord with authoritative decisions of this Court. Between the date of the first transfer of stock to the plaintiff, G. F. Brown, and the date of the second transfer, the plaintiffs had ample opportunity to form their own opinion, uninfluenced by representations made by the defendant, J. C. Featherstone, as to the value of the stock transferred on 15 April, 1930. This doubtless accounts for the negative answer of the jury to the third issue.

Plaintiffs' exception to the judgment is sustained. At the close of the evidence for the plaintiff, and again at the close of all the evidence, the plaintiffs, in open court, tendered to the defendants the certificates for the shares of stock which had been transferred to the plaintiff, G. F. Brown, by the defendant, J. C. Featherstone, as the consideration for the deed dated 10 February, 1930, together with the check which plaintiff had received for a dividend on said shares of stock, but which he had not collected. There was no evidence tending to show that the value of this stock had been diminished since its transfer to the plaintiff, by reason of any act of said plaintiff. In *Hodges v. Wilson,* 165 N. C., 323, 81 S. E., 340, it is said: "When the law cancels a deed or contract, it seeks to place the parties in *statu quo,* as nearly as can be done, for while the one party may have been wronged, its judgment is not punitive, and the wrong is considered adequately avenged if the *status quo* is fully re-

stored." In the instant case, the *status quo* of each party may be fully restored by decreeing that the plaintiffs shall deliver to the defendant, J. C. Featherstone, the certificate for 80 shares of the stock of the corporation, which the plaintiff, G. F. Brown, now holds. It was error to adjudge that the plaintiffs pay in cash to the defendants the sum of $2,000 and to decree that upon their failure to pay said sum, their lands should be sold by commissioners appointed for that purpose. The judgment modified in accordance with this opinion is affirmed.

No error in the trial.

Judgment modified and affirmed.